UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

ELLERY PEPPIN,                                          CIVIL NO. 16-1320 (ADM/JSM)

      Plaintiff,

v.                                                     <u>REPORT AND RECOMMENDATION</u>

KELLI BODIE-MINER,
JAMIE WUORI, and
LAURIE SEVERSON,

      Defendants.


JANIE S. MAYERON, United States Magistrate Judge

The above matter came before the Court upon Defendants' Motion to Dismiss [Docket No. 12].   The matter has been referred to the undersigned United States Magistrate Judge for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1.

## I.   FACTUAL BACKGROUND

Plaintiff Ellery Peppin is currently a prisoner at the Minnesota Correctional Facility-Stillwater ("MCF-Stillwater").   <u>See</u> MN Dep't of Corr., Offender Locator, https://coms.doc.state.mn.us/publicviewer/OffenderDetails/Index/219327/Search.

On May 16, 2016, plaintiff filed a Complaint pursuant to 42 U.S.C. § 1983 against defendants Kelli Bodie-Miner, clinical supervisor at the Minnesota Sex Offender Program in Moose Lake, MN ("MSOP"), Jamie Wuori, MSOP clinical therapist, and Laurie Severson, MSOP unit director.   [Docket No. 1].   Plaintiff sued defendants in both their individual and official capacities.   <u>Id.</u>, ¶ 7.   In his Complaint, plaintiff alleged the following facts.

Defendant Kelli Bodie-Miner has on several occasions ma[d]e many inappropriate and threatening statements such as "If I could get away with it I would give you a knife to kill yourself[.]"   Defendant Bodie-Miner has infringed on plaintiff's rights to be free from extreme emotional harm from the defendant.   Defendant Bodie-Miner has refused plaintiff the basic human needs such as food, water, and hygiene and on many occasions have kept plaintiff in seclusion for no reason [except] for her own pleasure in tormenting plaintiff's right to free from cruel and unusual punishment is being violated in this way [sic].

Id., ¶ 9.

Defendant Jamie Wuori has on several occasions refused to let plaintiff have basic needs such as food, water and hygiene.   Defendant Wuori has also stated to plaintiff that "He is a [sic] worth 120,000.00 a year salary and that they are just going to warehouse him here until he dies[.]" Defendant Wuori also refused plaintiff the right to be able to attend religious services and other reha[b] services such as NA and AA.[1]   Defendant Wuori also kept plaintiff in seclusion for her own pleasure.

Id., ¶ 10.

Defendant Laurie Severson has refused plaintiff to have basic human needs such as food, water and hygiene. Defendant Severson has also refused or delay [sic] on several occasions the plaintiff's right to access the courts. Defendant Severson also refuses to let plaintiff out of seclusion because she enjoys tormenting him.   Defendant Severson also forces plaintiff to be in a vul[n]erable state by directing him that he is not to wear his prescription glass[es] because they have too dark of a tint and plaintiff can not [sic] see without his glasses.   However there are several clients with the same dark tint.   Defend[a]nt Severson only directs plaintiff that he can not [sic] wear his because she is tormenting him and has made statements to that fact.

Id., ¶ 11.

---

[1]     According to defendants, "NA" and "AA" refer to "Narcotics Anonymous" and "Alcoholics Anonymous," respectively.   Defendants' Memorandum of Law in Support of Their Motion to Dismiss ("Defs' Mem.") [Docket No. 14], p. 8.

Plaintiff claimed that the failure to provide him basic human rights violated his right to be free from cruel and unusual punishment under the Eighth Amendment to the United States Constitution.  Id., ¶ 13.  Plaintiff alleged that he has no adequate remedy at law and he will continue to be irreparably injured by defendants "unless this Court grants the declaratory and injunctive relief plaintiff seeks."  Id., ¶ 14.  By way of relief, plaintiff sought a declaration from this Court that the acts alleged in the Complaint violated his rights under the Constitution and laws of the United States.  Id., ¶ 15.  Plaintiff further requested compensatory damages in the amount of $3,000,000; punitive damages in the amount of $3,000,000; and costs associated with bringing this lawsuit.  Id., ¶¶ 16, 17, 19.

On July 21, 2016, defendants filed a motion to dismiss the Complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.   In support, defendants argued that plaintiff's claims for damages against defendants in their official capacities should be dismissed pursuant to Rule 12(b)(1) because the State of Minnesota had not waived its Eleventh Amendment immunity in this case.  Defs.' Mem., p. 4 (citations omitted).

Defendants also contended that plaintiff's Complaint did not include any dates for when the alleged conduct occurred, and therefore, plaintiff failed to meet his burden of showing that the statute of limitations had not expired on any of his claims.  Id., pp. 4-5 (citing Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009); Stalley ex rel. United States v. Catholic Health Initiatives, 509 F.3d 517, 521 (8th Cir. 2007); Victor Foods, Inc. v. Crossroads Economic Development of St. Charles County, Inc., 977 F.2d 1224, 1227 (8th Cir. 1992) (per curiam)).

Additionally, defendants maintained that the statements allegedly made by Bodie-Miner and Wuori to plaintiff did not rise to the level of an Eighth Amendment violation because defendants took no steps to effectuate the alleged threats, and the statements were not so wanton or cruel as to "shock the conscience." Id., pp. 6-7 (citing Turner v. Mull, 784 F.3d 485, 487-88, 492 (8th Cir. 2015); Irving v. Dormire, 519 F.3d 441, 445, 448, 449, 451 (8th Cir. 2008); King v. Olmsted County, 117 F.3d 1065, 1067 (8th Cir. 1997); Hopson v. Fredericksen, 961 F.2d 1374, 1378-79 (8th Cir. 1992); Burton v. Livingston, 791 F.2d 97, 99, 100 (8th Cir. 1986)).

Defendants further submitted that Wuori and Severson did not violate the Eighth Amendment by preventing plaintiff from wearing his glasses or from attending chemical dependency treatment. Id., pp. 7-9 (citing Farmer v. Brennan, 511 U.S. 825, 828 (1994); Ingrassia v. Schafer, 2016 WL 3228409, at *2 (8th Cir. 2016); Norman v. Schuetzle, 585 F.3d 1097, 1104 (8th Cir. 2009); Irving v. Dormire, 519 F.3d 441, 446 (8th Cir. 2008)). In particular, with respect to plaintiff's allegation that Wuori refused to allow plaintiff to attend NA and AA classes, plaintiff did not allege any facts showing sufficiently serious harm from not attending these services. Id., p. 8. Plaintiff also failed to allege facts demonstrating that Wuori recklessly disregarded a substantial risk of serious harm by preventing plaintiff from attending chemical dependency treatment sessions. Id.

As for plaintiff's claim that Severson prevented him from wearing tinted glasses, defendants urged that plaintiff did not allege any facts showing that such deprivation was sufficiently serious, or that Severson recklessly disregarded a substantial risk of serious harm to plaintiff. Id., pp. 8-9.

4

As for plaintiffs' claim that Bodie-Miner made "inappropriate and threatening statements" on "several occasions," defendants asserted that plaintiff alleged insufficient facts to support this claim where he did not indicate what statements were made, how often they were stated, and the context of when they were said. Id., pp. 9-10 (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); King, 117 F.3d at 1067). Similarly, although plaintiff alleged that Wuori prevented him from attending religious services, he did not allege any facts explaining how this deprivation resulted in cruel and unusual punishment, and thus, plaintiff failed to provide "fair notice" of his claim. Id., p. 10 (citing Eckert v. Titan Tire Corp., 514 F.3d 801, 806 (8th Cir. 2008)). Lastly, defendants argued that the Complaint did not explain how Severson refused or delayed plaintiff's access to the courts or how he was harmed. Id. Defendants asked this Court to take judicial notice that plaintiff has brought this suit despite allegedly being deprived access to the courts. Id. In the absence of additional factual support, defendants maintained that all of these conclusory claims against them did not plausibly state a claim for relief. Id. (citing Iqbal, 556 U.S. at 678).

On August 30, 2016, this Court issued an Order directing plaintiff, on or before September 19, 2016, to serve and file a response to defendants' motion to dismiss. [Docket No. 18]. To date, no response has been filed by plaintiff.

## II.   STANDARD OF REVIEW

A civil complaint will be dismissed upon motion by a defendant if the plaintiff has failed to plead an actionable claim for relief against that defendant. Fed. R. Civ. P. 12(b)(6). In considering a motion to dismiss under Rule 12(b)(6), the pleadings are construed in the light most favorable to the nonmoving party, and the facts alleged in

the complaint must be taken as true.  In re Operation of Missouri River Sys. Litig., 418 F.3d 915, 917 (8th Cir. 2005) (citations omitted); see also Hamm v. Groose, 15 F.3d 110, 112 (8th Cir. 1994).

To survive a motion to dismiss, litigants must meet the pleading requirements set forth in Rule 8 of the Federal Rules of Civil Procedure and by the United States Supreme Court in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), Ashcroft v. Iqbal, 556 U.S. 662 (2009) and their progeny.  "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests, . . . '"  Twombly, 550 U.S. at 555 (citation omitted).  While "a complaint need not contain 'detailed factual allegations,'" United States ex rel. Raynor v. Nat'l Rural Utilities Co-op. Fin., Corp., 690 F.3d 951, 955 (8th Cir. 2012) (quoting Twombly, 550 U.S. at 555),  "'[t]he facts alleged in the complaint must be enough to raise a right to relief above the speculative level.'"  Mickelson v. Cty. of Ramsey, 823 F.3d 918, 923 (8th Cir. May 4, 2016) (quoting Drobnak v. Andersen Corp., 561 F.3d 778, 783 (8th Cir. 2009)).  Accordingly, to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  Braden, 588 F.3d at 594 (citation and internal quotation marks omitted).  "A claim is plausible on its face 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'"  Kelly v. City of Omaha, Neb., 813 F.3d 1070, 1075 (8th Cir. 2016) (citation omitted).  "'[C]onclusory statements' and 'naked assertion[s] devoid of further factual enhancement'" are insufficient to satisfy this

standard.  Retro Television Network, Inc. v. Luken Commc'ns, LLC, 696 F.3d 766, 768 (8th Cir. 2012) (citation omitted).

"[P]ro se litigants are held to a lesser pleading standard than other parties." Fed. Express Corp. v. Holowecki, 552 U.S. 389, 402 (2008) (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976)).  Thus, "if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." Stone v. Harry, 364 F.3d 912, 915 (8th Cir. 2004).  Nevertheless, even a pro se complaint must allege facts—not bare, unsupported, legal conclusions. Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir.1985) (emphasis added); see also Frey v. City of Herculaneum, 44 F.3d 667, 671 (8th Cir.1995) ("At the very least . . . the complaint must contain facts which state a claim as a matter of law and must not be conclusory") (citation omitted).

## III.   DISCUSSION

As a preliminary matter, plaintiff's failure to respond to defendants' motion to dismiss is a sufficient basis to grant the motion.  See Mark v. Ault, 498 F.3d 775, 786 (8th Cir. 2007) (holding that a party's "failure to raise or discuss an issue in his brief [would] be deemed an abandonment of that issue.") (quoting Hacker v. Barnhart, 459 F.3d 934, 937 n.2 (8th Cir. 2006)); Christensen v. PennyMac Loan Servs., Inc., 988 F. Supp. 2d 1036, 1042 (D. Minn. 2013) ("Plaintiff's failure to respond amounts to a waiver, and on that basis alone, defendants' motion to dismiss should be granted.") (citations omitted); cf. Stransky v. Cummins Engine Co., Inc., 51 F.3d 1329, 1335 (7th Cir. 1995) (When "presented with a motion to dismiss, the non-moving party must proffer some

legal basis to support his cause of action.  The federal courts will not invent legal arguments for litigants.").  Nevertheless, for completeness, the Court addresses the substance of defendants' motion.

### A.   Eleventh Amendment Immunity

The Eleventh Amendment provides that "the judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State."  U.S. Const. amend. XI. Under the Eleventh Amendment, federal courts lack jurisdiction over a claim against a state when that state has not consented to the suit.  See Kimel v. Florida Bd. of Regents, 528 U.S. 62, 73 (2000); Seminole Tribe of Fla. v. Florida, 517 U.S. 44, 64-65 (1996).  "Unless a State has waived its Eleventh Amendment immunity or Congress has overridden it, . . . a State cannot be sued directly in its own name regardless of the relief sought."  Kentucky v. Graham, 473 U.S. 159, 167 n. 14 (1985); see also Morstad v. Dep't of Corr. & Rehab., 147 F.3d 741, 743-44 (8th Cir. 1998); Murphy v. State of Ark., 127 F.3d 750, 754 (8th Cir. 1997).  When a lawsuit is barred by the Eleventh Amendment, the case must be dismissed for lack of subject matter jurisdiction. Seminole Tribe, 517 U.S. at 64-65.

Eleventh Amendment immunity extends to claims against state officials for damages and retrospective relief since "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office [and] is no different from a suit against the State itself."  Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989) (citation omitted); see also Morstad, 147 F.3d at 743

(finding that state employees sued in official capacities are not liable for damages under § 1983).

In this case, the State of Minnesota has not waived its immunity from § 1983 claims, nor has it consented to suit in this case.  See DeGidio v. Perpich, 612 F. Supp. 1383, 1388-89 (D. Minn. 1985) (finding that waiver of immunity by a state will be found "only where stated 'by the most express language or by such overwhelming implications from the text as [will] leave no room for any other reasonable construction.'") (quoting Fla. Dep't of Health & Rehabilitation Servs. v. Florida Nursing Home Ass'n, 450 U.S. 147 (1981)).  Accordingly, plaintiff's claims for damages against defendants in their official capacities must be dismissed.

### B.    Claims for Injunctive Relief

"Federal courts are courts of limited jurisdiction and can only hear actual cases or controversies as defined under Article III of the Constitution."  Hickman v. State of Mo., 144 F.3d 1141, 1142 (8th Cir. 1998) (internal quotation marks omitted) (quoting Neighborhood Transp. Network, Inc. v. Pena, 42 F.3d 1169, 1172 (8th Cir. 1994).  "A case that no longer presents a live case or controversy is moot, and a federal court lacks jurisdiction to hear the action."  Minnesota Humane Soc'y v. Clark, 184 F.3d 795, 797 (8th Cir. 1999) (citing Hickman, 144 F.3d at 1142).  If, while a motion is pending, an event occurs that eliminates a federal court's ability to provide the prevailing party any effectual relief, the motion must be denied as moot.  In re Sec. Life Ins. Co. of Am., 228 F.3d 865, 870 (8th Cir. 2000) (citing In re Grand Jury Subpoenas Duces Tecum, 78 F.3d 1307, 1310 (8th Cir.1996)); see also Calderon v. Moore, 518 U.S. 149, 150 (1996) (a claim "should therefore be dismissed as moot when, by virtue of an intervening event,

9

a court . . . cannot grant 'any effectual relief whatever' in favor of the [plaintiff].") (quoting Church of Scientology of Cal. v. United States, 506 U.S. 9, 13 (1992)).[2]   "This requirement applies to all stages of the litigation, and applies with equal force to actions for declaratory judgment as it does to actions seeking traditional coercive relief." Hickman, 144 F.3d at 1142 (citations and internal quotation marks omitted).

In this case, plaintiff alleged that defendants (who are all employees of MSOP) committed the alleged violations while he was a client at MSOP.   However, plaintiff is currently incarcerated at MCF-Stillwater.   See MN Dep't of Corr., Offender Locator, https://coms.doc.state.mn.us/publicviewer/OffenderDetails/Index/219327/Search   (last accessed November 29, 2016).   Thus, to the extent plaintiff is seeking prospective injunctive relief against defendants, the Court is unable to grant his request because he no longer resides at MSOP.   Accordingly, plaintiff's claims for injunctive relief should be dismissed as moot.

### C.   Statute of Limitations

Defendants maintained that plaintiff's claims must be dismissed because the Complaint did not include any dates upon which the alleged conduct occurred, and therefore, plaintiff did not plead sufficient facts to show that the statute of limitations had not expired on any of his claims.

"It may be tempting to dismiss a complaint that fails to provide specific dates when their inclusion could show that the complaint should be dismissed . . . because the

---

[2]   "Because a moot case is not a case or controversy within the meaning of Article III of the United States Constitution, North Carolina v. Rice, 404 U.S. 244, 246 (1971), the mootness question is jurisdictional."   South Dakota v. Hazen, 914 F.2d 147, 149 (8th Cir. 1990).   Therefore, the Court must address the mootness issue before considering the merits of plaintiff's claims.

applicable statute of limitations bars the claim." Casanova v. Ulibarri, 595 F.3d 1120, 1125 (10th Cir. 2010).   However, "'[b]ar by a statute of limitation is typically an affirmative defense, which the defendant must plead and prove.'" Walker v. Barrett, 650 F.3d 1198, 1203 (8th Cir. 2011) (quoting Jessie v. Potter, 516 F.3d 709, 713 n.2 (8th Cir. 2008)).   "Thus, [a]s a general rule, the possible existence of a statute of limitations defense is not ordinarily a ground for Rule 12(b)(6) dismissal unless the complaint itself establishes the defense."   Id. (alteration in original) (internal quotation marks omitted) (quoting Joyce v. Armstrong Teasdale, LLP, 635 F.3d 364, 367 (8th Cir. 2011)); see also United States v. N. Trust Co., 372 F.3d 886, 888 (7th Cir. 2004) ("A complaint states a claim on which relief may be granted whether or not some defense is potentially available. This is why complaints need not anticipate and attempt to plead around defenses.") (citations omitted).

In this case, because plaintiff did not allege any dates, the Complaint does not, on its face, establish a statute of limitations defense.   Accordingly, the absence of specific dates is not a ground for dismissing the Complaint under Rule 12(b)(6).[3]

### D.   Eighth Amendment Claims

Plaintiff's Complaint is largely devoid of factual detail, and fails to provide adequate notice to defendants of the grounds for his claims.  The Complaint alleged, in

---

[3]     As a general rule, "the preferable procedure when a specific date could support a dispositive defense motion is to require the plaintiff to provide a more definite statement under Fed.R.Civ.P. 12(e)."   Casanova, 595 F.3d at 1125 (citing 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1376 at 336, § 1377 at 344-46 (3d ed.2004); 2 James Wm. Moore, Moore's Federal Practice ¶ 12.36[3] (3d ed. 2009)).   In any event, if indeed the conduct plaintiff has alleged against defendants took place sometime after his arrival at MSOP on October 17, 2015, it is highly unlikely that any applicable statute of limitations would bar his claims, as his suit was filed on May 18, 2016.  See Affidavit of Ellery Gerard Peppin filed June 6, 2016 [Docket No. 7], ¶¶ 4, 5.

a conclusory manner, that Bodie-Miner and Wuori have "on many occasions" refused plaintiff basic needs such as food, water and hygiene.  But plaintiff did not provide any context for these alleged deprivations that would allow defendants to pinpoint the conduct plaintiff claimed to be actionable.  Likewise, while plaintiff alleged that Bodie-Miner made "inappropriate and threatening statements," for the most part, he failed to indicate what these statements were,[4] and the context in which they were made. Plaintiff's allegations that defendants refused to allow him to attend religious services, and kept him in seclusion for the purpose of tormenting him, are similarly bereft of factual detail to allow the Court to draw the reasonable inference that defendants are liable for the alleged conduct.  Finally, plaintiff's claim that Severson denied him his right to access the courts is purely conclusory and contains no factual information indicating how or when such denial occurred.

In sum, all of these claims should be dismissed under Twombly and Iqbal because they do not contain sufficient factual matter to state a plausible claim for relief.

As for those claims which plaintiff alleged with greater specificity – i.e. the verbal threats by Bodie-Miner and Wuori, Wuori's refusal to allow plaintiff to attend NA and AA, and Severson's directive that plaintiff not wear his tinted prescription glasses – the Court finds that as currently stated they do not state a claim under the Eighth Amendment as matter of law.

"The Eighth Amendment prohibits cruel and unusual punishment of a person convicted of a crime. U.S. Const. amend. VIII. '[T]he unnecessary and wanton infliction of pain ... constitutes cruel and unusual punishment forbidden by the Eighth

---

[4]     Plaintiff's claim that Bodie-Miner told him that "If I could get away with it I would give you a knife to kill yourself" will be addressed below.

Amendment.'" Taylor v. Dormire, 690 F.3d 898, 902 (8th Cir. 2012) (citing Whitley v.

Albers, 475 U.S. 312, 319 (1986)).

> To demonstrate such wantonness in the context of a claim challenging a condition of a prisoner's confinement, a plaintiff must show two things. First, the plaintiff must make an "objective" showing that the deprivation imposed by the condition was "sufficiently serious" to form the basis for an Eighth Amendment claim. Second, the plaintiff must make a "subjective" showing that prison officials "acted with a sufficiently culpable state of mind."

Id. (citations omitted).   In other words, to sustain an Eighth Amendment claim, a

prisoner must show "that the defendants were deliberately indifferent to his health or

safety, and that they acted maliciously for the purpose of causing him harm." Phillips v.

Norris, 320 F.3d 844, 848 (8th Cir. 2003) (citations omitted); see also Beck v. Skon, 253

F.3d 330, 333 (8th Cir. 2001) ("A claim under the Eighth Amendment, as applied to the

states through the Fourteenth Amendment, must show both that the state action has

denied the prisoner 'the minimal civilized measure of life's necessities,' and that the

state actors have shown deliberate indifference to the prisoner's medical needs.")

(citations omitted).

### 1.   Verbal Threats

"'Generally, mere verbal threats made by a state-actor do not constitute a § 1983

claim.'"   Turner v. Mull, 784 F.3d 485, 492 (8th Cir. 2015) (quoting Hopson v.

Fredericksen, 961 F.2d 1374, 1378 (8th Cir. 1992)).   However, an exception exists,

"when the state official engaged in a 'brutal' and 'wanton act of cruelty' even though no

physical harm was suffered." Irving v. Dormire, 519 F.3d 441, 448 (8th Cir. 2008) (citing

Hopson, 961 F.2d at 1378 (8th Cir. 1992)).

> "In determining whether the constitutional line has been crossed, a court must look to such factors as the amount of

force that was used in relationship to the need presented, the extent of injury inflicted, and the motives of the state officer." [Hopson, 961 F.2d at 1378] (quotation omitted). The alleged threat is redressable under § 1983 if it "caused severe injuries, was grossly disproportionate to the need for action under the circumstances and was inspired by malice rather than merely careless or unwise excess of zeal so that it amounted to an abuse of official power that shocks the conscience." Id. (quotation omitted).

Turner, 784 F.3d at 492 (citations omitted).

In Turner, the plaintiff Turner was an inmate at a correctional center in Bonne Terre, Missouri.  784 F.3d at 487.  Two prison officials, Pete Koenig and Robert Thebeau, took Turner to a medical appointment at a medical center in Jefferson City, Missouri.  Id.  On the return trip to the prison, Thebeau stopped the vehicle near a bridge for approximately five minutes.  Id. at 488.  During the stop, Thebeau stated that he and Koenig could drown Turner and then claim that he had tried to escape.  Id. Thebeau and Koenig then looked at Turner and laughed.  Id.

Turner filed a claim under 42 U.S.C. § 1983 against Thebeau and Koenig, alleging that they were deliberately indifferent to his serious medical needs by threatening him during his return trip from the medical center.  Id. at 491.  The district court found that Thebeau's alleged threat to drown Turner did not amount to a constitutional violation because it was a "one-time, isolated incident and Thebeau took no action in furtherance of the alleged threat."  Id. at 489.  On appeal, the Eighth Circuit agreed with the district court, holding that Thebeau's threat resulted in no injury, and neither Thebeau nor Koenig took any action to carry out the threat.  Id. at 492.  The appellate court further noted that Thebeau was laughing about it at the time, and Turner admitted that he was unsure whether the threat was actually a joke.  Id.  For all of those

14

reasons, the Eighth Circuit concluded that while Thebeau's statement was wholly improper and unprofessional, it did not amount to an Eighth Amendment violation. Id.

Based on Turner, this Court finds that the "threats" made by Bodie-Miner and Wuori did not rise to the level of an Eighth Amendment violation. Bodie-Miner's statement that "If I could get away with it I would give you a knife to kill yourself," while unquestionably improper, was a one-time incident, and plaintiff did not allege that Bodie-Miner ever took steps to give plaintiff a knife. Wuori's statement that plaintiff was "worth 120,000.00 a year salary and that they are just going to warehouse him here until he dies," to the extent it could be considered a threat at all, was a similarly isolated occurrence that resulted in no injury to plaintiff. Accordingly, Bodie-Miner's and Wuori's statements are not actionable under the Eighth Amendment.

## 2.    Rehabilitative Services

Plaintiff's allegation that Wuori refused to allow him to attend rehabilitative services such as NA and AA does not state an Eighth Amendment claim. First, plaintiff has not made an objective showing that his lack of rehabilitative services was sufficiently serious, as he did not allege that he had any medical need for such services, nor did he suffer any alleged injury from his non-attendance. Second, plaintiff did not allege that Wuori was subjectively aware of and ignored a serious risk of harm to plaintiff by denying his request to attend rehabilitative services. As such, plaintiff has failed to meet both the objective and subjective prongs of an Eighth Amendment claim, and therefore, the claim should be dismissed.

### 3. Plaintiff's Eyeglasses

Plaintiff's claim that defendant Severson directed him not to wear his prescription eyeglasses also fails to state an Eighth Amendment violation.

As to the objective prong, courts have found a serious medical need to wear eyeglasses in cases where the plaintiff's uncorrected eyesight fell within the parameters of legal blindness, Benter v. Peck, 825 F. Supp. 1411, 1416-17 (S.D. Iowa 1993), or where the plaintiff experienced physical degeneration of his eyesight as a result of non-treatment. Koehl v. Dalsheim, 85 F.3d 86, 88 (2d Cir. 1996). Here, however, plaintiff did not allege that he was blind without his eyeglasses,[5] nor did he claim to have suffered any physical symptoms resulting from a lack of corrective treatment. Thus, plaintiff has not met the objective component of an Eighth Amendment claim. Additionally, plaintiff failed to allege any facts showing that Severson knew that he had a serious medical need to wear eyeglasses. Consequently, plaintiff does not meet the subjective prong of an Eighth Amendment claim. Accordingly, this claim should be dismissed.

## III. RECOMMENDATION

For all of the foregoing reasons, IT IS HEREBY RECOMMENDED that

Defendants' Motion to Dismiss [Docket No. 12] be **GRANTED** and the Complaint be DISMISSED WITHOUT PREJUDICE.[6]

---

[5] Plaintiff alleged that he "can not [sic] see without his glasses." Complaint, ¶ 11. However, this bare allegation does not permit the Court to infer that plaintiff was legally blind, particularly where plaintiff alleged no injury resulting from his inability to see.

[6] As a general rule, when an action is dismissed for lack of subject matter jurisdiction, it is dismissed without prejudice, because the dismissal is not on the merits. See O'Grady v. Marathon Cnty. Child Support Agency, Civ. No. 05-2418 (JNE/JJG), 2006 WL 1715473 at *1 (D. Minn., June 19, 2006) (citing Frederiksen v. City of

Dated:      November 29, 2016          *s/ Janie S. Mayeron*
                                              JANIE S. MAYERON
                                            United States Magistrate Judge

## **NOTICE**

Under D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **December 13, 2016**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within fourteen days after service thereof. All briefs filed under this Rule shall be limited to 3500 words. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Court of Appeals.

---

Lockport, 384 F.3d 437, 438-39 (7th Cir. 2004)). "A jurisdictional disposition is conclusive on the jurisdictional question: the plaintiff cannot re-file in federal court. But it is without prejudice on the merits, which are open to review in state court to the extent the state's law of preclusion permits." Id. (quoting Frederiksen, 384 F.3d at 438); cf. Brereton v. Bountiful City Corp., 434 F.3d 1213, 1218 (10th Cir. 2006) ("[D]ismissals for lack of jurisdiction should be without prejudice because the court, having determined that it lacks jurisdiction over the action, is incapable of reaching a disposition on the merits of the underlying claims."); Cnty. of Mille Lacs v. Benjamin, 361 F.3d 460, 464 (8th Cir.2004) ("A district court is generally barred from dismissing a case with prejudice if it concludes subject matter jurisdiction is absent.")). Thus, to the extent that this Court has determined that plaintiff's claims against the defendants in their official capacities should be dismissed based on Eleventh Amendment immunity, it recommends that the claims be dismissed without prejudice. Further, given the dearth of facts alleged by plaintiff in support of his Eighth Amendment claims and other claims, this Court cannot conclude at this juncture that no facts could be alleged by plaintiff to cure the pleading deficiencies of his Complaint. Accordingly, the Court recommends that the Complaint be dismissed without prejudice.